**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

vs.

JIMMY LEON FOWLER,

     Defendant - Appellant.

No. 02-7097
(D.C. No. 02-CR-22-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.[**]

---

Defendant-Appellant Jimmy Leon Fowler appeals following his conviction

for possession of a firearm after a former felony conviction in violation of 18

U.S.C. § 922(g)(1). Counsel for Mr. Fowler filed a brief pursuant to Anders v.

California, 386 U.S. 738 (1967) and moved for leave to withdraw as counsel.

Although Mr. Fowler was afforded 30 days within which to raise any challenges

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

to his conviction or his sentence, he failed to do so within the time period provided. Our jurisdiction arises under 28 U.S.C. § 1291, and we dismiss the appeal and grant counsel's request to withdraw.

Mr. Fowler was charged with possession of a firearm after a former felony conviction ("Count I"), and possession of ammunition after a former felony conviction ("Count II"). Mr. Fowler thereafter entered an unconditional guilty plea to Count I, and was sentenced to 15 months imprisonment followed by 36 months of supervised release. The district court thereafter dismissed Count II at the government's request.

In his Anders brief, counsel for Mr. Fowler states that after diligently reviewing the case he was unable to find "any arguable issue that may support an appeal." Aplt. Br. at 5. In Anders, the Supreme Court held that if appointed counsel "finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. Where counsel has filed an Anders brief, we must conduct a "full examination of all the proceedings" to determine if the appeal is "wholly frivolous." Id. If we concur in counsel's evaluation of the case, we may grant the request to withdraw and dismiss the appeal. Id.

After a thorough review of the record we conclude there are no meritorious issues for appeal. As to Mr. Fowler's conviction, we note at the outset that where

a defendant pleads guilty, his "only avenue for challenging his conviction is to claim that he did not voluntarily or intelligently enter his plea." United States v. Wright, 43 F.3d 491, 494 (10th Cir. 1994) (citing Mabry v. Johnson, 467 U.S. 504, 508-09 (1984)). However, Mr. Fowler has not argued that his plea was involuntary or unknowing, and nothing in the record suggests that it was. As to the validity of his sentence, the record reveals that the sentence imposed was within the applicable guideline range, that the guideline range was correctly determined,[1] and that the district court did not exceed the statutory maximum sentence for the offense of conviction.

Accordingly, we DISMISS the appeal and GRANT counsel's request to withdraw.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[1] We note that prior to sentencing Mr. Fowler objected to the initial guideline range calculation contained in the presentence report ("PSR") on the ground that it erroneously assessed one criminal history point for a prior conviction that was punishable by a fine only. III R., Addendum To The Presentence Report. In response, the PSR author agreed that the conviction should not have been counted and therefore reduced Mr. Fowler's criminal history category score by one point, which lowered the applicable guideline range to 12-18 months, the range employed by the district court in sentencing Mr. Fowler.